UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTINE HOFF-PIERRE,
    Plaintiff,

vs

UNIVERSITY HOSPITAL, INC., et al.
    Defendants.

Civil Action No. 1:09-cv-884
Beckwith, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

This matter is before the Court on plaintiff's motion to amend the complaint (Doc. 24) and defendants' memorandum in opposition. (Doc. 25).

## PROCEDURAL HISTORY

Plaintiff Christine Hoff-Pierre filed this employment discrimination action against defendants University Hospital, Inc. and The Health Alliance of Greater Cincinnati on December 2, 2009. (Doc. 1). Plaintiff claimed that defendants retaliated against her for exercising her rights under the Family and Medical Leave Act (FMLA), discriminated against her because of her age, race, and national origin in violation of Ohio statutory law, retaliated against her for engaging in protected activity in violation of Ohio statutory law, and deprived plaintiff of her rights under 42 U.S.C. §§ 1981 and 1983. Plaintiff amended the complaint on January 15, 2010, to eliminate the § 1981 and § 1983 claims. (Doc. 6).

On November 23, 2010, plaintiff filed a motion to amend the complaint. (Doc. 24). Plaintiff seeks to add a claim for disability discrimination under Ohio Rev. Code Ch. 4112. (Doc. 24-1, Count VI). Defendants oppose the motion to amend, claiming the motion is untimely and amendment of the complaint at this stage of the proceedings would result in significant prejudice to them. Defendants further contend that the proposed amendment fails to

state a cause of action upon which relief can be granted because plaintiff has not pled her alleged disability with sufficient specificity.

## STANDARD OF REVIEW

Fed. R. Civ. P. 15(a) provides that the Court "should freely give leave [to amend] when justice so requires." Rule 15(a) must be read in conjunction with Fed. R. Civ. P. 16(b), which provides that a scheduling order limiting the time to amend pleadings may be modified "only for good cause and with the judge's consent." Once the deadline set forth in the scheduling order has passed, a plaintiff first must show good cause under Rule 16(b) for failure to seek leave to amend in compliance with the terms of the scheduling order before the Court will consider whether amendment of the complaint is proper under Rule 15(a). *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

Good cause is measured by a party's due diligence in attempting to meet the scheduling deadlines set by the Court. *Id.* at 906 (citing Fed. R. Civ. P. 16(b), 1983 advisory committee's notes; *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). "The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." *Wagner v. Mastiffs*, No. 2:08cv431, No. 2:09cv172, 2011 WL 124226, *4 (S.D. Ohio 2011) (unpublished) (quoting *Deghand v. Wal-Mart Stores,* 904 F.Supp. 1218, 1221 (D. Kan. 1995)). Although the primary focus is on the movant's due diligence, the Court must also consider whether the nonmovant will be prejudiced before modifying the scheduling order. *Id.* (citing *Inge*, 281 F.3d at 625). *See also Leary*, 349 F.3d at 909 (citing *Inge*, 281 F.3d at 625; *Duggins v. Steak 'n 'Shake*, 195 F.3d 828, 834 (6th Cir. 1999); *Moore v. City of Paducah*, 790 F.2d 556, 562 (6th Cir. 1986)). However, "the absence of prejudice to the opposing party is not

2

equivalent to a showing of good cause." *Wagner*, 2011 WL 124226 at *4 (citing *Tschantz v. McCann,* 160 F.R.D. 568, 571 (N.D. Ind. 1995)).

## RESOLUTION

In the present case, the Court issued a scheduling order on June 30, 2010, which set a deadline of August 27, 2010, for the filing of motions to amend the pleadings. (Doc. 18, "Calendar Order"). Plaintiff filed her motion to amend the complaint on November 23, 2010, almost three months after the deadline established in the scheduling order had passed. Therefore, the Court must make an initial determination as to whether plaintiff has shown good cause for modification of the scheduling order under Rule 16(b).

In the motion to amend, plaintiff vaguely alleges that "information subsequent to the filing of Plaintiff's complaint indicates there is a basis for [a disability discrimination] claim." (Doc. 24 at 2). However, plaintiff does not specify the information she obtained subsequent to filing the original complaint which allegedly alerted to her to the existence of such a claim. In fact, a comparison of the allegations of the proposed second amended complaint with those of the original complaint discloses that plaintiff knew the facts giving rise to her disability discrimination claim at the time she filed the original complaint. Plaintiff alleged in the original complaint that she underwent rotator cuff surgery in August 2007, she was diagnosed with a serious health condition, and she took FMLA leave for her surgery and recovery; she was placed on light duty following her FMLA leave and was subsequently released for regular work duty; defendants terminated her for the stated reason that there were no "Coder III" positions available when in fact such positions were available; and the reason for her termination was pretextual. (Doc. 1, ¶¶ 13, 14, 15, 16, 17, 18, 19). Plaintiff repeats these factual allegations in the proposed second amended complaint and adds closely-related allegations that she is disabled; she could

3

have performed her "Coder III" job with a reasonable accommodation following her return from FMLA leave; and the real reason defendants terminated her was because of her disability. (Doc. 24-1, ¶¶ 13, 14, 15, 17, 20, 21, 22). Plaintiff offers no justification for failing to include these new allegations in the original complaint and to raise a disability discrimination claim before the deadline for amending the pleadings expired. Thus, plaintiff has not shown that she exercised due diligence in attempting to meet the deadline for amending her complaint.

Moreover, defendants would be unduly prejudiced if the Court were to modify the scheduling order and grant plaintiff leave to amend the complaint at this late stage. This case has been pending for over a year. The March 1, 2011 discovery deadline will expire in approximately one month. The parties have already engaged in mediation on the claims presented in the first amended complaint. Defendants should not be required to conduct additional discovery concerning plaintiff's alleged disability and other facts pertinent to her disability discrimination claim at this juncture, particularly when plaintiff knew of the facts underlying her claim long before the expiration of the deadline for amending the pleadings.

Accordingly, plaintiff has failed to show good cause as required under Rule 16(b) for the Court to modify the scheduling order. Plaintiff failed to exercise diligence in attempting to comply with the terms of the scheduling order, and defendants would be unduly prejudiced if the Court modified the scheduling order to allow the proposed amendment at this point in the proceedings.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion to amend the complaint (Doc. 24) be **DENIED**.

Date: 1/31/2011

Karen L. Litkovitz, Magistrate Judge
United States District Court

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTINE HOFF-PIERRE,
    Plaintiff,

vs.

UNIVERSITY HOSPITAL, INC., et al.
    Defendants.

Civil Action No. 1:09-cv-884
Beckwith, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

5