UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christine Hoff-Pierre,  : Case No. 1:09-cv-884
    Plaintiff,  :
vs.  :
University Hospital, et al,  :
    Defendants.  :

**ORDER**

Before the Court are Plaintiff's objections to the Magistrate Judge's report. (Doc. 28) The Magistrate Judge recommends that the Court deny Plaintiff's motion to amend her complaint. (See Doc. 26, Report and Recommendation) Plaintiff's motion to amend, filed November 23, 2010, seeks to add a claim of disability discrimination to her pending claims for FMLA, age, race and national origin discrimination. The Magistrate Judge concluded that Plaintiff had not established that she was diligent in seeking to amend, and that Defendants would be prejudiced by the late addition of this new substantive claim. The Court agrees.

The scheduling order in this case, entered on June 30, 2010 with the agreement of the parties, established August 27 as the deadline for amending the complaint. Plaintiff's motion was filed three months after that deadline passed, and simply claimed that "information" had come to light that suggested a basis for

the new claim.  As the Magistrate Judge aptly noted, Plaintiff failed to explain what new facts or evidence was brought to light that might give rise to a disability claim, or why this information was not available earlier.  Moreover, the allegations of the original complaint concerning her FMLA claim strongly suggest that the facts that might support a disability claim were well known at that time.  Defendants also argued that granting leave to amend at this late date would prejudice them.  The March 1, 2011 discovery deadline was then looming (and now has already passed), and the parties have engaged in discovery aimed at the original claims.

The Court has broad discretion under Fed. R. Civ. Proc. 15 to grant or deny a request to amend a complaint.  Factors to consider in the exercise of that discretion include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment."  Foman v. Davis, 371 U.S. 178, 182 (1962).  Several of these factors counsel against granting Plaintiffs' motion.  Plaintiff's motion fails to adequately explain the delay in seeking amendment.  And Defendants have established that they would be unduly prejudiced by the amendment at this juncture.

In her objections to the Magistrate Judge's recommendation,

Plaintiff contends that she will not seek to re-depose any defense witness or to reopen discovery from the Defendants.  She does not, however, address the Magistrate Judge's conclusion that she failed to exercise due diligence in seeking to amend.  Furthermore, Defendants contend that they will be required to engage in significant additional discovery from Plaintiff, including at least additional depositions and the necessity of reviewing significant medical records.  Discovery in the case is now closed, and Defendants argue they should not be required to defend this new claim when Plaintiff has not been diligent in raising it.  The Court agrees.  While Rule 15 generally reflects a policy of deciding cases on their merits, the Court finds that in this case Plaintiff has not established good cause for the late amendment, nor that justice requires this Court to grant her motion.

Upon review of the record and Plaintiff's objections, this Court agrees with the recommendation of the Magistrate Judge.  Plaintiff's objections are overruled, and the motion to amend the complaint is denied.

SO ORDERED.

DATED: March 15, 2011          s/Sandra S. Beckwith
                               Sandra S. Beckwith
                               Senior United States District Judge